SDD:SK/TAD/JMH
F. #2011R00298

FILED
CLERK

2017 AUG 17 PM 4:31

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MIRSAD KANDIC,

             Defendant.

- - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. CR 17 00449
(T. 18, U.S.C., §§ 981(a)(1)(C),
981(a)(1)(G), 2339B(a)(1), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

GARAUFIS, J.

REYES, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this indictment, unless otherwise indicated:

1.     The defendant MIRSAD KANDIC was a legal permanent resident of the United States, and a former resident of Brooklyn, New York.

2.     Jake Bilardi was a citizen of Australia.

3.     On or about October 15, 2004, the United States Secretary of State designated al-Qaeda in Iraq ("AQI"), then known as Jam'at al Tawid wa'al-Jahid, as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224.

4.     On or about May 15, 2014, the Secretary of State amended the designation of AQI as an FTO under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order

13224 to add the alias Islamic State of Iraq and the Levant ("ISIL") as the FTO's primary name. The Secretary of State also added the following aliases to the FTO listing: The Islamic State of Iraq and al-Sham ("ISIS"), The Islamic State of Iraq and Syria, ad-Dawla al-Islamiyya fi al-Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furquan Establishment for Media Production. On September 21, 2015, the Secretary of State added the following aliases to the FTO listing: Islamic State, ISIL, and ISIS. ISIS remains a designated FTO.

## COUNT ONE
(Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

5. The allegations contained in paragraphs one through four are realleged and incorporated by reference as if fully set forth in this paragraph.

6. In or about and between January 2013 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York, the extraterritorial jurisdiction of the United States and elsewhere, the defendant MIRSAD KANDIC, together with others, did knowingly and intentionally conspire to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including property, services and personnel, including himself, Jake Bilardi and others, to a foreign terrorist organization, to wit: ISIS, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that the organization was a designated terrorist organization and the organization had engaged in and was engaging in terrorist activity and terrorism, the defendant was an alien lawfully admitted for permanent residence in the United States (as defined in section 101(a)(20) of the Immigration and Nationality Act), the offense occurred

3

in and affected interstate and foreign commerce, and the offense resulted in the death of one or more persons, including Jake Bilardi.

(Title 18, United States Code, Sections 2339B(a)(1) and 3551 et seq.)

## COUNT TWO
(Provision and Attempted Provision of Material Support to a Foreign Terrorist Organization)

7. The allegations contained in paragraphs one through four are realleged and incorporated by reference as if fully set forth in this paragraph.

8. In or about and between January 2013 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York, the extraterritorial jurisdiction of the United States and elsewhere, the defendant MIRSAD KANDIC, together with others, did knowingly and intentionally provide and attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), to wit: personnel (himself and others), to a foreign terrorist organization, to wit: ISIS, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that the organization was a designated terrorist organization and the organization had engaged in and was engaging in terrorist activity and terrorism, the defendant was an alien lawfully admitted for permanent residence in the United States (as defined in section 101(a)(20) of the Immigration and Nationality Act), and the offense occurred in and affected interstate and foreign commerce.

(Title 18, United States Code, Sections 2339B(a)(1), 2 and 3551 et seq.)

## COUNT THREE
(Provision and Attempted Provision of Material Support to a Foreign Terrorist Organization)

9. The allegations contained in paragraphs one through four are realleged and incorporated by reference as if fully set forth in this paragraph.

10. In or about and between December 2013 and June 2017, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MIRSAD KANDIC, together with others, did knowingly and intentionally provide and attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), to wit: services, to a foreign terrorist organization, to wit: ISIS, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that the organization was a designated terrorist organization and the organization had engaged in and was engaging in terrorist activity and terrorism, the defendant was an alien lawfully admitted for permanent residence in the United States (as defined in section 101(a)(20) of the Immigration and Nationality Act), and the offense occurred in and affected interstate and foreign commerce.

(Title 18, United States Code, Sections 2339B(a)(1), 2 and 3551 et seq.)

## COUNT FOUR
(Provision and Attempted Provision of Material Support to a Foreign Terrorist Organization)

11. The allegations contained in paragraphs one through four are realleged and incorporated by reference as if fully set forth in this paragraph.

12. In or about and between December 2013 and June 2017, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MIRSAD KANDIC, together with others, did knowingly and intentionally provide and attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), to wit: property and equipment, to a foreign terrorist organization, to wit: ISIS, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that the organization was a designated terrorist organization and the organization had engaged in and was engaging in terrorist activity and terrorism, the defendant was an alien lawfully admitted for permanent residence in the United States (as defined in section 101(a)(20) of the Immigration and Nationality Act), and the offense occurred in and affected interstate and foreign commerce.

(Title 18, United States Code, Sections 2339B(a)(1), 2 and 3551 et seq.)

## COUNT FIVE
(Provision and Attempted Provision of Material Support to a Foreign Terrorist Organization)

13. The allegations contained in paragraphs one through four are realleged and incorporated by reference as if fully set forth in this paragraph.

14. In or about and between August 2014 and March 2015, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MIRSAD KANDIC, together with others, did knowingly and intentionally provide and attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), to wit: personnel (Jake Bilardi), to a foreign terrorist

organization, to wit: ISIS, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that the organization was a designated terrorist organization and the organization had engaged in and was engaging in terrorist activity and terrorism, the defendant was an alien lawfully admitted for permanent residence in the United States (as defined in section 101(a)(20) of the Immigration and Nationality Act), the offense occurred in and affected interstate and foreign commerce, and the offense resulted in the death of one or more persons, to wit: Jake Bilardi.

(Title 18, United States Code, Sections 2339B(a)(1), 2 and 3551 et seq.)

## COUNT SIX
(Provision and Attempted Provision of Material Support to a Foreign Terrorist Organization)

15. The allegations contained in paragraphs one through four are realleged and incorporated by reference as if fully set forth in this paragraph.

16. In or about and between January 2016 and June 2017, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant MIRSAD KANDIC, together with others, did knowingly and intentionally provide and attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), to wit: false documentation and identification, to a foreign terrorist organization, to wit: ISIS, which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that the organization was a designated terrorist organization and the organization had engaged in and was engaging in terrorist activity and terrorism, the

defendant was an alien lawfully admitted for permanent residence in the United States (as defined in section 101(a)(20) of the Immigration and Nationality Act), and the offense occurred in and affected interstate and foreign commerce.

(Title 18, United States Code, Sections 2339B(a)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

17. The United States hereby gives notice to the defendant MIRSAD KANDIC that, upon his conviction of any of the above offenses, the government will seek forfeiture in accordance with (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any property, real or personal, constituting or derived from proceeds traceable to such offenses, and (b) Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic: (i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in Title 18, United States Code,

8

Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 18, United States Code, Section 4309(b)) or against any foreign Government.

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

9

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(C) and 981(a)(1)(G); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2011R00298
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

MIRSAD KANDIC,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 981(a)(1)(G), 2339B(a)(1), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

A true bill.

_____
*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
*Clerk*

Bail, $ _____

*Saritha Komatireddy, Tiana A. Demas, J. Matthew Haggans, Assistant U.S. Attorneys
(718) 254-6054 / (718) 254-6116/(718) 254-6127*