

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SDD:SK/TAD/JMH
F.#2011R00298

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 30, 2017

<u>By Hand and ECF</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Mirsad Kandic
     <u>Criminal Docket No. 17-449 (NGG)</u>

Dear Judge Garaufis:

  The government respectfully submits this letter in connection with defense counsel's request, filed November 29, 2017, to be relieved as counsel in this matter.  <u>See</u> ECF No. 18.

  The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The right to counsel requires that a court appoint a lawyer for defendants who cannot afford to retain one themselves.  <u>See</u> <u>Johnson v. Zerbst</u>, 304 U.S. 458 (1938).  However, such indigent defendants may not choose their own court-appointed lawyers, and "have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts."  <u>Caplin & Drysdale, Chartered v. United States</u>, 491 U.S. 617, 624 (1989); <u>see also</u> <u>Burgos v. Murphy</u>, 692 F. Supp. 1572, 1575 (S.D.N.Y. 1988) ("although the Sixth Amendment guarantees to an indigent the right to counsel, it does not guarantee counsel of his choice") (citing cases).

  A defendant who is "seeking substitution of assigned counsel must . . . afford the court with legitimate reasons" for requesting a switch.  <u>McKee v. Harris</u>, 649 F.2d 927, 932 (2d Cir. 1981).  In cases where indigent defendants have requested a substitution of counsel on the eve of trial or after a trial has begun, the Second Circuit has demanded a showing of good cause, such as "a complete breakdown of communication or an irreconcilable conflict."  <u>Id.</u> at 931; <u>see also</u> <u>United States v. Schmidt</u>, 105 F.3d 82, 89 (2d Cir. 1997).  In cases where indigent defendants have requested a substitution of counsel at an earlier stage in the proceedings, some courts have granted the request upon a lesser showing.  <u>See, e.g.</u>, <u>United States v. Culbertson</u>, 598 F.3d 40, 48 (2d Cir. 2010) (district court granted

three substitutions of court-appointed counsel, where indigent defendant disagreed with or did not get along with appointed counsel, but denied fourth request). Ultimately, the district court retains the discretion to "substitute one appointed counsel for another at any stage of the proceedings" when it is "in the interests of justice." 18 U.S.C. § 3006A(c).

In reviewing the exercise of that discretion, the Second Circuit generally considers four factors: (i) the timeliness of the request; (ii) the thoroughness of the lower court's inquiry into the complaint; (iii) the seriousness of the disagreement between the lawyer and the client (i.e., whether it "was so great that it resulted in a total lack of communication preventing an adequate defense"); and (iv) the extent to which the defendant's conduct contributed to a breakdown in communication (i.e., "whether the defendant substantially and unjustifiably contributed to the breakdown in communication"). United States v. Doe #1, 272 F.3d 116, 123 (2d Cir. 2001); see also United States v. Hsu, 669 F.3d 112, 122 (2d Cir. 2012).

In evaluating the propriety of the record, the Second Circuit has noted that, "where a defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for dissatisfaction." United States v. Simeonov, 252 F.3d 238, 241 (2d Cir. 2001) (internal marks omitted) ("When, for the first time, an accused makes known to the court in some way that he has a complaint about his counsel, the court must rule on the matter. If the reasons are made known to the court, the court may rule without more." (internal marks omitted)).

Here, defense counsel notes in his request that the defendant "expressed his dissatisfaction with [counsel's] services" and stated that the defendant "would like new counsel" and "specifically requested representation by the Federal Defender Services." ECF No. 18. The defendant's request comes less than a month after his initial arraignment when counsel was first appointed. Based on the foregoing record, the defendant's request does not evidence "legitimate reasons" for a change in counsel. The government respectfully requests that the Court conduct a further inquiry into the basis for the defendant's "dissatisfaction with [counsel's services]" and deny the request absent further justification.

                Respectfully submitted,

                BRIDGET M. ROHDE
                Acting United States Attorney

By:     /s/
      Saritha Komatireddy
      Tiana A. Demas
      J. Matthew Haggans
      Assistant U.S. Attorneys
      (718) 254-7000

cc:    Clerk of Court (NGG) (By ECF)
       All counsel of record (By ECF)