

U.S. Department of Justice

United States Attorney
Eastern District of New York

DMP:SK/DKK/JMH
F.#2011R00298

271 Cadman Plaza East
Brooklyn, New York 11201

January 29, 2020

<u>By Hand and ECF</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Mirsad Kandic</u>
              <u>Criminal Docket No. 17-449 (NGG)</u>

Dear Judge Garaufis:

      The government respectfully moves to take and offer the testimony of a witness by deposition pursuant to Rule 15 of the Federal Rules of Criminal Procedure for use at the trial in this matter, which is scheduled for August 2020. An attorney affidavit setting forth facts relevant to the Court's consideration of the government's motion is attached hereto (the "Affidavit" or "Aff."). In addition, the government has also filed on this date a sealed letter and sealed supplemental affidavit that provide further pertinent details regarding the witness and the location for the proposed deposition. For the reasons set forth in these submissions, the Court should grant the government's motion.

I.     <u>Background</u>

      The defendant has been charged by indictment with six federal terrorism offenses, two of which carry statutory maximum sentences of life imprisonment. The charged offenses arise from the defendant conspiring to provide, providing and attempting to provide material support and resources to the Islamic State of Iraq and al-Sham ("ISIS"). ISIS and its predecessors have been designated a foreign terrorist organization by the United States since October 15, 2004. ISIS has carried out numerous deadly terrorist attacks around the world, including within the United States.

      The defendant engaged in the charged criminal conduct from approximately 2013 to 2017, during which time he was located in Syria and Turkey, among other places. The defendant worked in ISIS's media department in Syria and then as an ISIS recruiter and facilitator in Turkey, smuggling ISIS fighters and equipment from Turkey into Syria.

The government intends to call as a witness a former member of ISIS. (Aff. ¶ 1). This individual (the "Witness") is expected to testify, in sum and substance, that he recognizes the defendant to be an individual known as "Abdurrahim the Bosnian" who was also a member of ISIS. (Aff. ¶ 1). The Witness will testify that he met the defendant on multiple occasions in Syria and Turkey in the course of his work on behalf of ISIS and that the defendant was most often found in ISIS's media center. (Aff. ¶ 1). The Witness will also testify that he observed the defendant carrying an assault rifle in Syria. (Aff. ¶ 1).

In addition to this testimony directly establishing that the defendant was a member of ISIS, the Witness will also provide important background information regarding ISIS's organization and operation—including how ISIS managed foreign "volunteers," such as the defendant, and how ISIS provided its members with different roles and responsibilities. (Aff. ¶ 2). The Witness will also testify about how ISIS smuggled people and equipment from Turkey into Syria. (Aff. ¶ 2).

The Witness's testimony will corroborate other government witnesses who will testify regarding the events leading to the defendant joining ISIS and his activities as a member of ISIS thereafter. (Aff. ¶ 3).

As described further herein and in the Affidavit, the Witness is currently located in a foreign country and is neither available nor willing to travel to the United States to provide live testimony at trial. (Aff. ¶ 4). However, the Witness is willing to participate in a deposition in his current location, and authorities in the country in which the Witness is located have agreed to assist U.S. prosecutors in facilitating a deposition of the Witness.[1] (Aff. ¶ 4).

II.     The Court Should Authorize The Deposition Of The Witness

    A.     Legal Framework

Rule 15 of the Federal Rules of Criminal Procedure provides: "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1).

It is well-settled law that the "exceptional circumstances" required to justify the deposition of a prospective witness are present if that witness's testimony is material to the case, and if the witness is unavailable to appear at trial. United States v. Johnpoll, 739 F.2d 702, 708-09 (2d Cir. 1984); United States v. Singleton, 460 F.2d 1148, 1154 (2d Cir. 1972), cert. denied, 410 U.S. 984 (1973); United States v. Sun Myung Moon, 93 F.R.D. 558, 559 (S.D.N.Y. 1982). Unavailability is to be determined according to the

---

[1] Details regarding the location for the proposed deposition are set forth in the government's supplemental sealed submission.

practical standard of whether, under the circumstances, the government has made a good-faith effort to produce the person to testify at trial.  See Ohio v. Roberts, 448 U.S. 56, 74 (1979); California v. Green, 399 U.S. 149, 189 n.22 (1970).

Notably, overseas depositions of material witnesses in national security cases have been repeatedly approved in this District.  See, e.g., United States v. al Farekh, No. 15-CR-268 (BMC) (deposition of former al-Qaeda member in March 2017); United States v. Ahmed et al., No. 12-CR-661 (JG) (depositions of former al-Shabaab members in February 2015); United States v. Naseer, No. 10-CR-019 (RJD) (deposition of foreign intelligence officer in January 2015); United States v. Kaziu, No. 09-CR-660 (JG) (deposition of civilian witness in May 2011); see also United States v. Abu Ali, 528 F.3d 210 (4th Cir. 2008) (affirming use of testimony from depositions in Saudi Arabia); United States v. Salim, 855 F.2d 944 (2d Cir. 1988) (affirming use of testimony from deposition in France).

### B. Rule 15 Is Satisfied

Here, the government's application to conduct a Rule 15 deposition of the Witness meets both of the Rule's requirements: the Witness's testimony is material to the case, and the Witness is unavailable for trial.

The Witness's testimony is material because the Witness is able to provide testimony establishing that the defendant was a member of ISIS (as charged in the indictment), could be found in ISIS's media center, and worked for ISIS in both Syria and Turkey—providing substantial proof of core allegations in this case.  (Aff. ¶ 1).  Moreover, the Witness can offer important testimony regarding how ISIS managed foreign volunteers and smuggled people and equipment from Turkey into Syria—providing contextual and background information for core allegations in this case.  (Aff. ¶ 2).  In sum, the Witness's testimony is a significant part of the government's evidence establishing that the defendant conspired to provide, provided and attempted to provide material support and resources to ISIS, as charged in the indictment.  (Aff. ¶ 3).

The Witness is also unavailable to testify at trial.  As set forth in the Affidavit, the government has made a good-faith effort to secure the Witness's presence at trial, but the Witness is unable and unwilling to travel to the United States.  (Aff. ¶ 4).

Therefore, the government seeks authorization, pursuant to Rule 15, to depose the Witness overseas because the Witness has material evidence and is unavailable to appear at trial.

### C. Proposed Procedures For And Format Of The Deposition

If the Court orders the requested deposition, the government proposes to coordinate with the Court's deputy clerk, counsel for the defendant and officials in the country where the Witness is currently located to identify a specific date and time for the deposition.  Because secure transportation for and continuing custody of the defendant by U.S. authorities cannot be assured at the Witness's location overseas, Aff. ¶ 5, the government will make arrangements to permit the defendant to observe the deposition

contemporaneously via video teleconference from a secure location in New York City.  See Fed. R. Crim. P. 15(c)(3).  The government will also make arrangements for the deposition to be video recorded and transcribed by a court stenographer, so that it will be preserved for use at trial.  Further, the government will coordinate with defense counsel to assist them in arranging travel to, and finding lodging within, the country in which the deposition will be taken.

Finally, while the government believes that, for the most part, any objections during the deposition can be preserved for the Court's ruling after the deposition is concluded, the government respectfully proposes that the Court observe and preside over the deposition, or that the Court otherwise be available to address any pressing issues in real time, so as to avoid any undue delays.  Such delays would be particularly problematic, given the efforts necessary to coordinate the arrangements for the deposition with a foreign government, and the accompanying security considerations.  The government respectfully proposes that this could most easily be done by the Court observing the deposition from New York City, as the Honorable Brian M. Cogan recently did for the overseas deposition in al Farekh, and the Honorable Sandra Townes did for the overseas depositions in Ahmed.

III.     Conclusion

For the foregoing reasons, the government respectfully requests that the Court permit the Witness's testimony to be taken via Rule 15 deposition in advance of trial.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/
Saritha Komatireddy
David K. Kessler
J. Matthew Haggans
Assistant U.S. Attorneys
(718) 254-7000

cc:     Clerk of Court (NGG) (By ECF)
        All counsel of record (By ECF)